UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GEORGE PHILLIPS,<br><br>　　　　　　Plaintiff(s),<br><br>　v.<br><br>TARGET CORPORATION f/k/a DAYTON HUDSON CORPORATION d/b/a/ TARGET STORE T286,<br><br>　　　　　　Defendant(s). | Case No. 2:14-CV-468 JCM (CWH)<br><br>ORDER |

Presently before the court is defendant Target Corporation's (hereinafter "Target") motion for summary judgment. (Doc. # 29). Plaintiff George Phillips (hereinafter "plaintiff") filed a response, (doc. # 30), and defendant filed a reply, (doc. # 31).

**I.　Background**

The instant case arises from a trip and fall incident. On June 19, 2013, plaintiff was shopping at a Target store in Las Vegas when he tripped and fell while rounding a corner in the electronics aisle. (Doc. # 1).

Plaintiff allegedly fell as a result of a shelf that was not property secured to an end cap, which caused two additional improperly secured shelves to fall (hereinafter "dangerous condition").[1] (*Id.*). Plaintiff alleges that Target concealed the dangerous condition and provided no sign or warning that it existed.

---

[1] An "end cap" is a merchandise display area located at the end of a row of shelves, with a display area or shelves perpendicular to the shelves along the row.

James C. Mahan
U.S. District Judge

Video reveals that plaintiff tripped over the corner of the base deck of an endcap.[2]  (Doc. # 29).  Due to the fall, plaintiff suffered numerous injuries including a broken wrist and facial, knee, limb and organ injuries.  (Doc. # 1).

On March 4, 2014, plaintiff filed a complaint in Nevada state court alleging five causes of action: (1) negligence; (2) vicarious liability/respondeat superior; (3) negligent hiring; (4) negligent training and supervision; and (5) negligent retention.  (Doc. # 1).  Plaintiff seeks general damages in excess of $10,000, special damages in excess of $10,000, and reasonable attorney's fees.  (*Id.*).

Target removed the case to federal court on diversity grounds.  (*Id.*).  Target now moves for summary judgment, arguing that plaintiff cannot present evidence that Target was negligent.

## II.  Legal Standard

The Federal Rules of Civil Procedure provide for summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis.  "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.  In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case."  *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that

---

[2] A "base deck" is the shelf for merchandise that runs parallel to the ground.

party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324. At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

**III.     Discussion**

To succeed on a negligence claim under Nevada law, plaintiff must show: (1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages. *Smith v. Albertsons LLC*, No. 2:13-CV-01479-APG, 2015 WL 4162481, at *2 (D. Nev. July 8, 2015). Courts are often reluctant to grant summary judgment in negligence actions, finding that such matters are best left to the jury. *Butler ex rel. Biller v. Bayer*, 168 P.3d 1055, 1063 (Nev. 2007). Nevertheless, if the

James C. Mahan
U.S. District Judge

defendant can successfully negate even one of these elements, it is entitled to summary judgment as a matter of law.  *Id.*

"[A] business owes its patrons a duty to keep the premises in a reasonably safe condition for use."  *FGA, Inc. v. Giglio,* 278 P.3d 490, 496 (Nev. 2012) (quoting *Sprague v. Lucky Stores, Inc.,* 849 P.2d 320, 322 (Nev. 1993)).  However, an accident occurring on defendant's property does not in itself establish negligence.  *Gunlock v. New Frontier Hotel*, 370 P. 2d 682, 684 (Nev. 1962).

Target does not dispute that it owed plaintiff a duty of care.  However, Target argues that plaintiff has failed to prove the existence of a dangerous condition in its Las Vegas store.  Target further argues that plaintiff is attempting to allege new facts, which he did not originally allege in his complaint. (Doc. # 31).  Moreover, Target contends that even if the court considers the merits of plaintiff's new allegations, the evidence does not show that the end cap was a dangerous condition.  (*Id.*).  The court will address these arguments in turn.

          i.        *New factual allegations*

"Federal Rule of Civil Procedure 8(a)(2) requires that the allegations in the complaint 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.' " *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)).  "[Where] the complaint does not include the necessary factual allegations to state a claim, raising such claim in a summary judgment motion is insufficient to present the claim to the district court."  *Navajo Nation v. United States Forest Serv.*, 535 F.3d 1058, 1080 (9th Cir. 2008).

Target argues that at no point in his complaint did plaintiff allege that the end cap itself was a dangerous condition.  Accordingly, Target contends that plaintiff is attempting to improperly bring new allegations at this stage in the proceedings.  (Doc. # 31).

Plaintiff argues that he is not alleging new facts at the summary judgment stage.  Plaintiff further claims that a reasonable jury could find that Target allowed a dangerous condition to exist because the end cap of the base deck was low to the ground; the base deck had no merchandise on it; the base deck stuck out into the aisle; the base deck was almost the same color as the floor; the

James C. Mahan
U.S. District Judge

- 4 -

base deck was arranged differently than the surrounding end caps; and Target was drawing plaintiff's attention to other merchandise. (Doc. # 30).

In *Pickern*, the original complaint alleged a violation of the Americans with Disabilities Act ("ADA") for failing to provide a handicap accessible ramp. *Pickern*, 457 F.3d at 965. In her response to the motion for summary judgment, plaintiff "raised issues of ADA violations that went beyond a failure to provide a ramp. [Plaintiff] attempt[ed] to justify these new factual allegations as falling within the original complaint under Rule 8's liberal notice pleading standard." *Id.* at 968. The Ninth Circuit found for the appellees, holding that plaintiff's complaint "gave the Appellees no notice of the specific factual allegations presented for the first time in [plaintiff's] opposition to summary judgment." *Id.* at 969.

The Ninth Circuit has consistently held that plaintiffs cannot raise new allegations in a summary judgment motion where the complaint failed to include necessary factual allegations. *See Navajo Nation*, 535 F.3d at 1080; *see also Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006) ("Simply put, summary judgment is not a procedural second chance to flesh out inadequate pleadings.").

Plaintiff's complaint alleges that

> [H]e tripped and fell as a result of a shelf that was not properly secured to an end cap, which resulted in two additional shelves falling that were also improperly secured (hereinafter referred to as the "Dangerous Condition"). The dangerous condition was at all times concealed to plaintiff as there was no sign or other warning.

(Doc. # 1 at 3).

According to plaintiff's complaint, the dangerous condition was loose shelving. However, in his opposition for summary judgment, plaintiff alleges that "the end cap that caused [plaintiff's] fall was an extremely dangerous condition." (Doc. # 30). In his opposition, plaintiff further claims that the base deck was too low to the ground; the base deck had no merchandise on it; the base deck stuck out into the aisle; the base deck was almost the same color as the floor; the base deck was arranged differently than the surrounding end caps; and Target was drawing plaintiff's attention to other merchandise. (*Id.*).

James C. Mahan
U.S. District Judge

- 5 -

Plaintiff's complaint failed to give Target "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *See Pickern*, 457 F.3d at 968.  Discovery proceeded for over a year and closed on April 6, 2015.  Plaintiff cannot present new allegations after the close of discovery.

Accordingly, plaintiff is barred from raising new allegations not pled in the complaint.  The court will now address the plaintiff's negligence arguments.

        ii.        *Negligence*

Target argues that it was not negligent because store video does not show that the base deck was out of alignment or sticking into the aisle.  (Doc. # 29 at 4).  Target also points out that while plaintiff alleges that the base deck was sticking out into the aisle, he concedes that he that never actually saw the base deck sticking into the aisle prior to tripping.  Moreover, Target further claims that plaintiff's own liability expert did not find that the base deck stuck out into the aisle. (*Id.*).

Plaintiff argues that he fell because the base deck stuck out into the aisle.  (Doc. # 1). Plaintiff claims that his expert "confirmed that the base deck stuck out about 24 inches further into the main aisle than the gondola and about 12 inches further than the hanger rods/pegs that protruded from the gondola."  (Doc. # 30 at 5).  Moreover, plaintiff argues that three designees of Target confirmed that the base deck stuck out into the aisle further than the pegs.  (*Id.*).

Plaintiff misconstrues the evidence.  While plaintiff's expert testified that the base deck stuck out further than the gondola, the expert did not testify that the base deck stuck out into the aisle.[3]  In fact, plaintiff's expert testified that "there's no evidence either way" to tell if the base desk was sticking into the aisle and that he witnessed no code violations.  (Doc. # 29, Exhibit E at 20, 35).  Moreover, the Target designees testified that the base deck stuck out further than the pegs, *not* that the base deck stuck out into the aisle.[4]  (*See* Doc. 30, Exhibits 4, 5, and 6).

---

[3] The "gondola" is the merchandise display in its entirety, not including the end cap.

[4] The "pegs" are believed to be small display racks that hold smaller merchandise, such as pencils and calculators.

James C. Mahan
U.S. District Judge

- 6 -

The Supreme Court has held that, "the movant may rely on depositions, answers to interrogatories, and the like, to demonstrate that the plaintiff has no evidence to prove his case and hence that there can be no factual dispute." *Celotex Corp. v. Catrett*, 477 U.S. 317, 328 (1986) (White, B., concurring). Plaintiff fails to present evidence that he tripped because the base deck stuck out into the aisle.

On summary judgment, defendant has the burden of negating an element of the claim. *See Celotex Corp.*, 477 U.S. at 323-24. As defendant shows, plaintiff fails to provide evidence to show that Target breached its duty. Plaintiff does not substantiate his allegations that the base deck stuck out into the aisle, creating a dangerous condition for which Target could be found negligent.

Accordingly, the court will grant summary judgment on plaintiff's negligence claim.

    *iii.*  *Respondeat superior/vicarious liability*

Count two of plaintiff's complaint asserts a claim for respondeat superior. (Doc. # 1). The doctrine of respondeat superior provides that employers are vicariously liable for the actions of their employees within the scope of employment. Respondeat superior is a theory of liability, not a cause of action. *See Mitschke v. Gosal Trucking, LDS., et al.*, 2:14-cv-1099 JCM (VCF), 2014 WL 5307950, at *2-3 (D. Nev. Oct. 16, 2014); *Fernandez v. Penske Truck Leasing Co., L.P.*, 2:12-cv-295 JCM (GWF), 2012 WL 1832571, at *1 n.1 (D. Nev. May 18, 2012).

Accordingly, summary judgment will be granted for plaintiff's respondeat superior claim.

    *iv.*  *Negligent hiring*

"The tort of negligent hiring imposes a general duty on the employer to conduct a reasonable background check on a potential employee to ensure that the employee is fit for the position." *Burnett v. C.B.A. Sec. Serv., Inc.*, 820 P.2d 750, 752 (Nev. 1991). Neither party presents any evidence that Target either reasonably or unreasonably conducted background checks on potential employees. Accordingly, the court will grant summary judgment as to plaintiff's negligent hiring claim.

    *v.*  *Negligent training and supervision and negligent retention*

To state a claim for negligent training and supervision or negligent retention in Nevada, a "plaintiff must show (1) a general duty on the employer to use reasonable care in the training

James C. Mahan
U.S. District Judge

- 7 -

and/or supervision of employees to ensure that they are fit for their positions; (2) breach; (3) injury; and (4) causation." *Montes v. Bank of Am. NA.,* 2:13-cv-660-RCJ-VCF, 2013 WL 5882778, at *7 (D. Nev. Oct. 30, 2013) (citing *Okeke v. Biomat USA, Inc.,* 927 F. Supp. 2d 1021, 1028 (D. Nev. 2013)); *see Hall v. SSF, Inc.*, 930 P.2d 94, 98 (1996).

Plaintiff fails to establish that Target did not to use reasonable care in the training and supervision of its employees. Plaintiff does not name specific employees or identify any alleged incompetence by Target employees. Accordingly, the court will grant summary judgment as per plaintiff's negligent training and supervision and negligent retention claims.

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion for summary judgment, (doc. # 29), be, and the same hereby is, GRANTED.

The clerk shall enter judgment accordingly and close the case.

DATED July 31, 2015.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 8 -